In the Matter of VICTOR S. AXELROAD, an Attorney, Respondent. ASSOCIATION OF THE BAR OF THE CITY OF NEW YORK, Petitioner.

First Department, May 29, 1951.

*George G. Hunter, Jr.,* of counsel (*Frank H. Gordon,* attorney), for petitioner.

*Victor S. Axelroad,* respondent in person.

*Per Curiam.* The respondent is charged with professional misconduct in converting to his own use the sum of $12,585.60, less such amount thereof as was due him for fees. The record discloses that in October, 1946, Mr. Armand Dreyfus, a watchmaker residing in Switzerland, retained the respondent to collect various sums of money due Mr. Dreyfus from persons in this country. Between that date and 1948 the respondent collected $12,585.60. When no part of those funds was remitted to Mr. Dreyfus, the latter retained Mr. Robert Perret, a New York attorney, who represented the Consul of Switzerland in New York City, to recover from respondent that which was due Mr. Dreyfus. Efforts to procure the repayment of the funds having failed, Mr. Perret's associate, an attorney named Milton W. Levy, moved in February, 1949, in Special Term, New York County, for an order directing the respondent to turn over the funds. Thereafter, on February 23, 1949, the respondent and Mr. Levy entered into a stipulation by the terms of which respondent agreed to pay $5,000 on or before March 15, 1949, and the hearing on the motion at Special Term was adjourned. Despite numerous promises by respondent the provisions of that stipulation were not complied with. On one occasion respondent gave attorney Levy a check for $7,585, in part payment of what he owed, with the request that it be held as he would make it good " in a couple of days ". The check was never cashed as the funds to cover it were never deposited by respondent in his bank. Finally, on September 15, 1949, an order was entered in the Supreme Court, Special Term, directing the respondent to

turn over a specified sum of $12,585.60. It was not complied with and thereafter, on November 20, 1949, an order was entered in the Supreme Court, Special Term, finding respondent guilty of contempt and permitting him to purge himself by paying $12,585.60 within three days. A copy of that order was served on respondent, who ignored it.

Based upon this record the Official Referee submitted a report to this court wherein under the heading of " Conclusion " he stated: " It has been fully established that the respondent has been guilty of Professional Misconduct in that between December 1, 1946 and March 2, 1948 he collected as an attorney for a client $12,585.60; that allowing him credit for the sum of $185.74, the amount of his claimed disbursements, he converted the balance of said collection amounting to the sum of $12,399.86 to his own use; * * *."

The evidence, both documentary and otherwise, sustain the conclusion reached by the Official Referee. The petitioner's motion to confirm the report of the Official Referee should be granted.

The respondent should be disbarred.

PECK, P. J., DORE, COHN, CALLAHAN and VAN VOORHIS, JJ., concur.

Respondent disbarred.